## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG RECOR, individually and on
behalf of all similarly-situated
individuals,

      Plaintiff,

vs.

ADVANCED TURBINE SUPPORT,
INC.,

      Defendant.

Civil Action No. _____

### NOTICE OF REMOVAL

Defendant Advanced Turbine Support, Inc. ("Advanced Turbine"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice that it has removed the action styled as Craig Recor v. Advanced Turbine Support, Inc., Case No. 11-CV-12563-4, from the Superior Court of DeKalb County, Georgia (the "State Court Action"), to the Northern District of Georgia, Atlanta Division, showing the Court as follows:

1.    Plaintiff Craig Recor ("Plaintiff") commenced the State Court Action against Advanced Turbine on November 28, 2011, alleging claims for unpaid overtime wages. Plaintiff has demanded a jury trial in his

1

Complaint.

2.    Advanced Turbine was served with the Summons and Complaint on December 13, 2011. Therefore, removal is timely under 28 U.S.C. § 1446(b).

3.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process and orders served on Advanced Turbine are attached hereto under Exhibit A.

4.    The Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  As such, this action is subject to removal based on federal question jurisdiction under 28 U.S.C. § 1331.

5.    Plaintiff's remaining state claims are so related to his Fair Labor Standards Act claim that they form part of the same case or controversy. Those state claims, therefore, are within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

6.    For purposes of removal, venue is proper in the Northern District of Georgia, Atlanta Division, because the Superior Court of DeKalb County is located in the Northern District of Georgia.[1]

---

[1] Venue is not proper in the Northern District of Georgia for purposes of adjudication of the merits of this dispute. Rather, as set forth in Advanced Turbine's Motion to Dismiss, or, In the Alternative, to Transfer Venue ("Motion to Dismiss"), filed contemporaneously herewith, the proper venue for the claims Plaintiff seeks to assert against Advanced Turbine is only in Florida, not Georgia. The parties contractually agreed to litigate any disputes arising out of

7.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on

Plaintiff and filed concurrently with the Clerk of the Superior Court of

DeKalb County, Georgia.

WHEREFORE, Advanced Turbine respectfully prays that this action be

removed to the United States District Court for the Northern District of Georgia,

Atlanta Division, and that the State Court of DeKalb County, State of Georgia,

proceed no further with respect to this action.

Respectfully submitted, this 11th day of January, 2012.

ARNALL GOLDEN GREGORY LLP

s/ Anuj Desai
Henry R. Chalmers, Esq. | Ga Bar 118715
Anuj Desai, Esq. | Ga Bar 193889
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
[TEL] 404.873.8500
[FAX] 404.873.8501
anuj.desai@agg.com

*Counsel for Defendant Advanced Turbine
Support, Inc.*

---

Plaintiff's employment with Advanced Turbine, such as the present lawsuit,
"solely in Florida." See Motion to Dismiss, at p. 2.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CRAIG RECOR, individually and on behalf of all similarly-situated individuals, | |
| Plaintiff, | |
| vs. | Civil Action No. _____ |
| ADVANCED TURBINE SUPPORT, INC., | |
| Defendant. | |

### RULE 7.1 CERTIFICATION

By his signature below, and as required by LR 7.1, counsel for Defendant certifies that the foregoing pleading has been prepared with Book Antiqua font, size 13.

s/ Anuj Desai
Anuj Desai

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CRAIG RECOR, individually and on behalf of all similarly-situated individuals, | |
| Plaintiff, | |
| vs. | Civil Action No. _____ |
| ADVANCED TURBINE SUPPORT, INC., | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of January, 2012, served Plaintiff's

counsel of record with the foregoing NOTICE OF REMOVAL by Federal Express

overnight delivery, addressed as follows:

> Dean R. Fuchs
> SCHULTEN WARD & TURNER, LLP
> 260 Peachtree Street, NW
> Suite 2700
> Atlanta, Georgia 30303

s/ Anuj Desai
Anuj Desai

5

# EXHIBIT A

**SUMMONS**                                SC-85-1

## IN THE SUPERIOR/~~STATE~~ COURT OF __DEKALB_____ COUNTY

## STATE OF GEORGIA

Craig Recor, Individually and on behalf

of all similarly-situated Individuals

CIVIL ACTION
NUMBER _____

PLAINTIFF

VS.

Advanced Turbine Support, Inc.

A True Copy
SADIE DARNELL, SHERIFF
ALACHUA COUNTY, FLORIDA
Served at _____ on the _____ Day
of _____, 20 _____
BY _____ AS DEPUTY SHERIFF

DEFENDANT

## SUMMONS

TO THE ABOVE NAME DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Dean R. Fuchs

Schulten Ward & Turner, LLP
260 Peachtree St., NW
Suite 2700
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

Clerk of Superior/State Court

BY_____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

This communication is an attempt to collect a debt
and any information obtained will be used for that purpose.



IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

2011 NOV 28 ⌐ ⊡ ⌐

CRAIG RECOR, )
Individually and on behalf of )
all similarly-situated Individuals, )
)
Plaintiffs, )
)
v. )
)
ADVANCED TURBINE SUPPORT, INC., )
)
Defendant. )

CLERK OF S...
DEKALB C...
CIVIL ACTION FILE NO.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW CRAIG RECOR, individually and on behalf of all other similarly situated

individuals, and files this Complaint for Damages against Defendant ADVANCE TURBINE

SUPPORT, INC. ("ATS"), showing this honorable Court as follows:

## PRELIMINARY STATEMENT

1.

Plaintiff brings this action against ATS on his own behalf and on behalf of all similarly

situated turbine inspection specialists pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime

wages for overtime hours worked for the benefit of ATS with its knowledge.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over this matter as it asserts claims for relief under

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

3.

Venue is proper in this Court as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in DeKalb County, Georgia.

## PARTIES

4.

Plaintiff Craig Recor is a citizen of the United States residing in Chamblee, DeKalb County, Georgia. Mr. Recor was formerly employed by ATS as a full-time, non-exempt combustion turbine inspection specialist from June 13, 2008 until May 13, 2011.

5.

Plaintiff brings this action on behalf of himself and all other similarly situated current and former turbine inspection specialists who consent to representation pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages from ATS. Mr. Recor's consent form to serve as an employee representative is attached as Exhibit "A" to this Complaint and is incorporated herein by reference.

6.

Defendant ADVANCE TURBINE SUPPORT, INC. ("ATS") is a foreign corporation doing business in the State of Georgia. ATS may be served with process by and through its registered agent: Richard W. Ginder, 3946 SW 89th Drive, Gainesville, Florida 32608. This Court has personal jurisdiction over ATS pursuant to Georgia's Long Arm Statute, O.C.G.A. §9-10-91(1).

7.

ATS is an "employer" as that term is defined by 29 U.S.C. § 203(d).

8.

For each of the last three (3) calendar years, ATS has had gross operating revenues in excess

- 2 -

of $500,000.

9.

ATS is engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10.

At all relevant times, Mr. Recor (and all other similarly situated current and former turbine inspection specialists) was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11.

Mr. Recor (and all other similarly situated current and former turbine inspection specialists) at all relevant times was an exempt, hourly employee who inspected and serviced combustion turbine engines for ATS's customers.

12.

On June 4, 2008, ATS offered to pay Mr. Recor an hourly rate of "$36.06 per hour," which, based on a 40-hour workweek, amounted to "the annual rate of $75,000 payable in bi-weekly installments." A true and correct copy of ATS's Revised Employment Offer & Terms of Employment is attached hereto as Exhibit A and is incorporated herein by reference.

13.

On June 13, 2008, Mr. Recor accepted ATS's Revised Employment Offer & Terms of Employment, which was also signed by Rodney Shidler, the president of ATS.

- 3 -

14.

When ATS originally hired Mr. Recor, the parties expected that Mr. Recor would work considerably more than a 40-hour workweek, and ATS agreed to pay Mr. Recor overtime wages at the rate of one-and-one-half times his regular rate of pay ($54.09/hour) for each hour Mr. Recor worked over 40 hours in a workweek (after he worked the first 1,040 hours per season). (Exhibit A).

15.

Indeed, at the time it hired him, ATS expected that Mr. Recor would work approximately 400 overtime hours annually, and ATS agreed to pay him $54.09 for each overtime hour he worked. (Exhibit A).

16.

At no time did the parties intend or agree that Mr. Recor's hourly compensation of $36.06/hour would cover *all* hours he worked in a given workweek, regardless of the actual number of hours he worked.

17.

The Revised Offer & Terms of Employment letter specifically contemplated paying Mr. Recor overtime wages for hours worked "in excess of 2080 hours per year," or more than "1040 hours during [ATS's] spring season and 1040 hours during the fall season." (Exhibit A).

18.

As of the date of the Revised Offer & Terms of Employment letter, ATS agreed to pay Mr. Recor overtime wages for "all hours worked over 1040 will be paid at a rate of 1.5 times [his] normal hourly pay, which is $54.09." (Exhibit A).

- 4 -

19.

It was not until approximately December 31, 2010, that ATS introduced to its employees, including Mr. Recor, the "Fluctuating Work Week" methodology for computing the overtime rate for paying overtime wages.

20.

Prior to December 31, 2010, ATS did not pay Mr. Recor hourly wages for each hour he spent working during each workweek. Instead, prior to December 31, 2010, ATS only paid Mr. Recor based upon what it assumed was a 40-hour workweek, irrespective of the number of hours Mr. Recor actually worked during a given workweek. The result of this pay practice is that Mr. Recor was not compensated at all for hours he worked in excess of 40 hours per workweek.

21.

Even though ATS is headquartered in Gainesville, Florida, at all times during his employment with ATS, Mr. Recor was a resident of Chamblee, Dekalb County, Georgia. At no time during his employment with ATS did Mr. Recor ever reside in the State of Florida.

22.

ATS did not require its turbine inspection specialists, like Mr. Recor, to live in or near Gainesville, Florida to work for ATS. Instead, ATS's turbine inspection specialists were simply required to reside within a 50-mile radius of an international airport since virtually all of the work of a turbine inspection specialist involved traveling to the facilities of ATS' clients, located throughout the country.

- 5 -

23.

As part of his job duties for ATS, Mr. Recor was required to travel and perform turbine inspection services for ATS's customers/clients in various states, including without limitation, Alabama, Arizona, California, Georgia, Illinois, New York, Ohio, Oklahoma, Pennsylvania, South Dakota, and Texas. On only two (2) occasions during his three (3) years of employment with ATS did Mr. Recor work on project in the State of Florida. Mr. Recor estimates that approximately ninety-five (95%) percent of his total work for ATS was performed outside the State of Florida, and that approximately twenty-five (25%) of his total work for ATS was performed in the State of Georgia.

24.

ATS failed and refused to pay Mr. Recor (and similarly-situated individuals) for all travel time he spent traveling on behalf of ATS. ATS only compensated Mr. Recor for a portion of the time he spent traveling for ATS.

25.

Mr. Recor (and other similarly-situated individuals) regularly suffered or was permitted by ATS to work more than 40 hours in a given workweek, but through December 31, 2010 was not paid for more than 40 hours in a given workweek.

26.

The work activities performed by Mr. Recor (and other similarly-situated individuals) on behalf of ATS are principal activities or are incidental and/or integral to the Defendant's principal activities for which Mr. Recor was not compensated.

- 6 -

27.

At all relevant times, ATS knew, or reasonably should have known that Mr. Recor was working overtime hours without being compensated therefor, however, ATS has consistently refused to pay Mr. Recor for most of his overtime hours worked.

28.

The overtime work performed by Mr. Recor was substantial and was, at all relevant times, performed for the benefit of ATS; was necessary to the business of ATS; and was conducted in the normal and ordinary course of ATS's business.

29.

The above-described conduct constitutes a willful violation of the FLSA entitling Mr. Recor (and all other similarly situated current and former turbine inspection specialists) to a three (3) year statute of limitation and an award of liquidated damages on all unpaid overtime wages and pre-judgment interest.

30.

At all relevant times, ATS was aware of its responsibility to accurately track hours worked by Mr. Recor (and all other similarly situated turbine inspection specialists), as well as its legal obligation to pay him for all hours worked, but failed to do so, and instead generally paid Mr. Recor only for 40 hours per workweek, rather than the actual number of hours he worked in a given workweek, including overtime hours.

## COUNT I

## VIOLATION OF THE OVERTIME WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT

31.

Plaintiff restates the allegations contained in paragraphs 1 – 30 as if fully set forth herein.

32.

At all relevant times during his employment with ATS, Mr. Recor was a non-exempt, hourly turbine inspection specialist.

33.

At all times throughout the duration of his employment by ATS, Mr. Recor (and all similarly situated turbine inspection specialists) was covered by the protections afforded him by the FLSA, 29 U.S.C. § 207(a). At no time during Mr. Recor's employment with ATS was he exempt from the payment of overtime wages.

34.

ATS cannot meet or satisfy the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, Sections 207, 213 or 214.

35.

During his employment with ATS, Mr. Recor frequently worked more than 40 hours per workweek.

36.

At all relevant times, ATS knew that Mr. Recor was a non-exempt, hourly employee, and that it had a statutory duty (a) to keep accurate records of Mr. Recor's hours worked; and (b) to pay him

overtime wages for all hours he worked over 40 in a given workweek.

37.

ATS knew that Mr. Recor was working more than 40 hours per workweek, but through at least December 31, 2010, Defendant failed to Mr. Recor for all overtime hours worked.

38.

ATS has unlawfully failed to adequately compensate Mr. Recor for the hours he worked in excess of 40 hours per workweek, at the rates required by law, and has willfully refused to do so.

39.

ATS's conscious disregard of the FLSA's overtime provisions constitutes a willful violation the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including a three (3) year statute of limitations and an award of liquidated damages on all unpaid overtime wages.

40.

ATS is liable to Mr. Recor (along with all other similarly-situated individuals) for compensation for all hours worked, as well as for those hours worked in excess of 40 hours per workweek at the rate of at least one and one-half times his regular rate of pay.

41.

The above-described violation(s) gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three (3) years immediately preceding the filing of Plaintiff's Complaint, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest and reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216.

## COUNT II

## BREACH OF CONTRACT

42.

Plaintiff restates the allegations contained in paragraphs 1 – 41 as if fully set forth herein.

43.

On or about June 13, 2008, ATS entered into an employment agreement. A true and correct copy of the employment agreement is attached hereto as Exhibit A and is incorporated herein by reference.

44.

There was mutual consideration by the parties for entering into the employment agreement.

45.

ATS breached the employment agreement by failing to pay Mr. Recor consistent with its express terms.

46.

As a direct result of ATS's breach of the employment agreement, Mr. Recor has suffered damages in the form of unpaid wages in an amount to be specifically proven at trial.

## COUNT III

## QUANTUM MERUIT/UNJUST ENRICHMENT

47.

Plaintiff restates the allegations contained in paragraphs 1 – 46 as if fully set forth herein.

48.

To the extent that Mr. Recor performed any services for ATS for which he was not compensated, but which did not result in Mr. Recor working more than 40 hours per week, ATS has been unjustly enriched by receiving the benefit of Mr. Recor's services at a rate of total compensation below that to which Mr. Recor agreed to work, and below that which ATS agreed to pay.

49.

As a direct result thereof, Mr. Recor is entitled to be made whole by receiving from ATS his regular hourly rate of pay for each (non-overtime) hour, or any fraction thereof, during which he performed services for ATS but was not compensated therefor.

WHEREFORE, Plaintiff prays as follows:

a.      for an order permitting this matter to proceed as a collective action as authorized by 29 U.S.C. § 216(b).

b.      that the Court award Plaintiff all unpaid compensation including without limitation, all unpaid overtime wages, plus pre-judgment interest thereon;

c.      that the Court award Plaintiff liquidated damages for Defendant's willful violation of the FLSA;

d.      that the Court award Plaintiff his reasonable attorney's fees, expert witness fees, and costs of litigation; and

e.      all other relief this Court deems proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL JURY ISSUES

- 11 -

Respectfully submitted,

Dean R. Fuchs
Georgia Bar No. 279170
Counsel for Plaintiff Craig Recor

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

## IN THE SUPERIOR COURT OF DEKALB COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| CRAIG RECOR,<br>Individually and on behalf of<br>all similarly-situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED TURBINE SUPPORT, INC.,<br><br>Defendant. | )<br>)<br>)     CIVIL ACTION FILE<br>)     NO. _____<br>)<br>)<br>)     **JURY TRIAL**<br>)     **DEMANDED**<br>)<br>)<br>) |

### CONSENT TO BECOME A PARTY/REPRESENTATIVE PLAINTIFF PURSUANT TO 29 U.S.C. §216(b)

I hereby consent to join a lawsuit against the above-named Defendant to recover unpaid regular and/or overtime wages and other damages authorized by the Fair Labor Standards Act. As the representative Plaintiff, I understand that I will have the authority to participate in the making of decisions on behalf of myself and any other plaintiffs, not named in the above caption of the lawsuit, who later chose to opt-into this lawsuit. I further understand that I will be bound by judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all Plaintiffs in this civil action.

CRAIG RECOR

Signature _____

Date: _11-17-20.1_

June 4th, 2008

Re: Revised Employment Offer & Terms of Employment

Dear: Mr. Craig Recor

We are pleased extend this offer of employment with Advance Turbine Support, Inc. (ATS). This offer is contingent on an acceptable interview, which is scheduled for Friday June 13th. This is also based on the information provided by you in the Company's form of Employment Application and your resume. This letter sets forth the terms of the offer, which, if you accept, will govern your employment.

You will be employed in the position of Combustion Turbine Inspection Specialist and will report to Rod Shidler or Rick Ginder. Your first day of employment will be on Monday June 30th, 2008. Your responsibilities will be to perform inspections as directed by the Company from time to time.

Your starting compensation will be $36.06 per hour for the annual rate of $75,000.00 payable in bi-weekly installments. As your expertise at performing borescope inspections and related inspection work improves you will be eligible for merit and annual raises. Overtime will be paid as stated below. The work we perform is seasonal. This typically includes the months of February through June in the spring and September through the first half of December in the fall. You will be required to be on-call during the off-season times except for your two weeks of vacation. The on-call scheduling of personnel will be based on their qualifications and the requirements of the assignments.

Overtime is based on working in excess of 2080 hours per year. This equals 1040 hours during our spring season and 1040 hours during the fall season. At the end of each season all hours worked over 1040 will be paid at a rate of 1.5 times your normal hourly pay, which is $54.09. You are eligible for a company bonus if one is declared. Bonuses are typically paid at the end of each season. Bonus amounts are based on the profits of the company and the performance of the employee.

If you resign or your employment is terminated travel time will be calculated at your straight time hourly rate. Time sheets will be provided and turned into Rod Shidler on a bi-weekly basis.

Additional Benefits:

Paid Vacation will include two weeks (80 hours) used during the non-service times in which you will not be on call. You will be paid at the end of the year you will receive two weeks (80 hours) of pay for your vacation if you have worked 2080 hours throughout the year. If an employee works less than 2080 hours in a year then the 80 hours of vacation pay will be added to their hours and any hours exceeding 2080 will be paid as vacation pay. (It is not the intent of this benefit to pay twice or double for hours not worked.)

Paid Holidays will include the following seven holidays- New Years Day, Easter, Memorial Day. July 4th. Labor Day. Thanksgiving and Christmas.

1



PLAINTIFF'S
EXHIBIT

A

A health care allowance of $300.00 per month will be paid at the end of each season for a total of $3600.00 per year.

Additional Benefits Continued:

We provide a company simple IRA in amount of 3% of your annual base salary through Fidelity Investments. Addition employee contributions are allowed and are payroll deductible. This benefit and any other benefit plans of the Company according to their terms may be amended or terminated from time to time.

Annual Compensation Breakdown:

| | |
|---|---|
| Base Salary: | $75,000.00 |
| Health Insurance Allowance: | $3600.00 |
| Vacation Pay: | $2884.80 |
| Paid Holidays: | $2019.36 |
| 401K Plan 3% Company Contribution: | $2250.00 |
| Overtime Pay (Typically 400 Hours Annually @ $54.09): | $21,636.00 |
| | |
| Total Starting Annual Compensation: | ($107,390.61) |

The equipment necessary to perform the duties of your job shall be provided by ATS, Inc. In the event of the termination of your employment all such equipment and computer files that were used to perform your job shall be turned back over to ATS, Inc.

During travel period's employees are required to wear black jeans or Dockers type pants with either denim or long-sleeve dress shirt or polo shirt. If an employee has tattoos they will not be visible during transit to and from the jobsite. Hair will be kept neat and not extend onto the shirt collar. Mustaches will be kept neat and beards-goatees are not allowed. Long sleeve blue or green coveralls, safety glasses, hardhat and work boots are required on the jobsite. These will be provided by ATS, Inc.

Expenses will be reimbursed as follows: Office expenses including consumables for report preparation such as paper, folders, printer cartridges, CDs and floppy discs, internet access (air card), business related phone calls. Billable job related expenses including air travel, car rental, fuel, tolls, meals, hotel, phone calls, laundry. Mileage will be for personal auto use will be paid at the government rate per mile.

Our employment relationship will be terminable at will, which means that either you or the Company may terminate your employment at any time and for any reason or for no reason. A will not compete clause will be part of your employment package. This ensures that the training and information we provide to you shall not be used if your employment is terminated. All information provided to you by ATS is deemed confidential and shall not be shared with anyone outside the company.

3

In the event a dispute does arise, this letter, including the validity, interpretation, construction and performance of this letter, shall be governed by and construed in accordance with the substantive laws of the State of Florida. Jurisdiction for resolution of any disputes shall be solely in Florida.

Upon your acceptance, this letter will contain the entire agreement and understanding between you and ATS and supersedes any prior or contemporaneous agreements, understandings, communications, offers, representations, warranties, or commitments by or on behalf of the Company (oral or written). The terms of your employment may in the future be amended, but only by writing and which an officer of the company and yourself signs.

If these terms are agreeable to you, please sign and date the letter in the appropriate space at the bottom and return it to Rodney Shidler. We hope you accept this offer and look forward to your coming on board.

Sincerely,

Rodney Shidler
President- Advanced Turbine Support, Inc.

By: _____ 6 13 08
Title: _____

Agreed and Accepted:

_____   Date: _____
Craig Reeor

4