IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRAIG RECOR,

    Plaintiff,

v.                                                       CASE NO. 1:12cv16-MP-GRJ

ADVANCED TURBINE SUPPORT INC,

    Defendant.

_____/

**O R D E R**

    This matter is before the court on plaintiff's motion to amend the complaint to add two defendants. (Doc. 22). No response was filed by the defendant, and the time for doing so has passed. Upon consideration, the motion to amend shall be granted for the following reasons.

    Plaintiff was employed by Defendant, Advanced Turbine Support, Inc. (ATS), as a combustion turbine inspection specialist for approximately three years. He filed this action in Georgia state court for claims of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* ("FLSA"), breach of contract, and quantum meruit/unjust enrichment against ATS, a Florida corporation with principal place of business in Gainesville. The defendant removed the case to a Georgia federal court, which then transferred the case to this district, pursuant to a forum selection clause in the contract between plaintiff and defendant.

    The plaintiff now wants to amend the complaint to add two defendants, Rodney Shidler and Richard Ginder, the co-owners, corporate officers and directors of ATS. A party may amend its pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

15(a)(2). If the underlying facts or circumstances relied on by plaintiff may be a proper subject of relief, leave to amend "should be freely given." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir.2004). However, a district court may properly deny leave to amend under Rule 15(a) if such amendment "would be futile." *Id.* at 1262-63.

Here, the court finds that amendment would not be futile, as Shidler and Ginder are proper defendants. Plaintiff argues that as corporate officers, they were also plaintiff's "employers" as defined by the FLSA, and therefore should be added as defendants in this civil action. The defendants were not added previously because plaintiff concluded that Georgia courts did not have personal jurisdiction over these Florida residents for actions taken on behalf of the Florida corporation. Plaintiff was likely correct: *Lane v. XYZ Venture Partners, L.L.C.*, 322 Fed.Appx. 675 (11th Cir. 2009)("the corporate shield doctrine precludes the exercise of personal jurisdiction over [out-of-state defendants] under the Florida long-arm statute"). Moreover, the Eleventh Circuit agrees that individual corporate officers with operational control of their corporation's covered enterprises are considered employers under the FLSA (unlike Title VII). In *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986), the court examined the treatment of the following language of 29 U.S.C. § 203(d) by courts across the nation:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

The *Patel* court concluded, "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 637-38 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)). *Patel*, however, concluded that the defendant in that case, Wargo, did not exercise day-to-day operational control of the business and over the employee. Thus, the court concluded that Wargo was not an "employer" under the FLSA on the facts of that case. Other cases since then, however, have applied a rule similar to that of *Patel* but distinguished its facts and found

that the corporate officer was an employer under the FLSA.  *See, e.g., Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340 (S.D.Fla. 2008)(25 percent owner of restaurant was employer where "defendant was at the restaurant six days a week as a manager supervising employees including the plaintiff. The defendant hired and fired employees and determined the restaurant's policies including that the restaurant would not pay overtime."); *Aikens v. FSG of SW Florida, Inc.*, 2006 WL 4792783 (M.D. Fla. 2006)(merely alleging that individual defendants had "operational control" over the enterprise was sufficient to survive motion to dismiss); and *Roldan v. Pure Air Solutions, Inc.*, 2009 WL 198911 (S.D.Fla. 2009)(finding that president of corporation was employer based on evidence that "he was at the business on most weekdays and supervised employees including the Plaintiff...,hired and fired employees and determined the business's policies including that the business would not pay overtime.").

In this case, the First Amended Complaint (attached to doc. 22) alleges that each defendant "exercises day-to-day operational control of Defendant, ATS and exercised operational control over Plaintiff while he was employed by Defendants." Doc. 22, ¶¶ 7-8. Therefore, if these allegations are proven, defendants Rodney Shidler and Richard Ginder would be considered employers under the FLSA, and so adding them to the complaint would not be futile.

Accordingly, the motion to amend the complaint (doc. 22) is GRANTED, and plaintiff shall file an amended complaint as its own docket entry by May 15, 2012.

**DONE and ORDERED** this 1st day of May, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**

*Case No: 1:12cv16-MP-GRJ*